11-2597-ag
Wu v. Holder

BIA
A088 777 215

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand thirteen.

PRESENT:
          ROSEMARY S. POOLER,
          PETER W. HALL,
          DEBRA ANN LIVINGSTON,
              Circuit Judges.
_____

KEXIN WU,
          *Petitioner*,

          v.                                    11-2597-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent*.
_____

FOR PETITIONER:        Michael Brown, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Alison Marie Igoe, Senior
                       Litigation Counsel; John M. McAdams,
                       Jr., Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Kexin Wu, a native and citizen of the People's Republic of China, seeks review of a June 2, 2011, decision of the BIA denying his motion to reopen. *In re Kexin Wu*, No. A088 777 215 (B.I.A. June 2, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Wu's motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). The BIA may deny a motion to reopen where a movant fails to establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

Because Wu failed to establish his *prima facie* eligibility for relief based on his newly-commenced practice of Falun Gong, the BIA did not abuse its discretion in denying reopening. *See Abudu*, 485 U.S. at 104-105; *Ali*, 448 F.3d at 517. In support of his motion, Wu submitted a notice from the Qida Villager Committee, which indicated

2

that the committee was aware of Wu's Falun Gong activities in the United States and ordered his wife to urge him to stop participating in Falun Gong activities and return to China to be punished.  However, the BIA was entitled to accord little probative weight to this village notice because, as the BIA found, it was "unsigned," "not authenticated in any manner," and "not sufficiently reliable."  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).  Likewise, the BIA reasonably accorded little probative weight to Wu's wife's affidavit because it found that the letter possessed little indicia of reliability, particularly in light of the fact that Wu's wife admitted that an unidentified person wrote the affidavit on her behalf and because the affidavit merely described the circumstances surrounding Wu's wife's receipt of the unauthenticated village notice, to which the BIA already had declined to give probative weight.  *See Xiao Ji Chen*, 471 F.3d at 342; *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Wu argues that the BIA abused its discretion by relying on his failure to authenticate the village committee notice and his wife's affidavit.  While Wu correctly asserts that

3

the agency errs when it rejects a document solely based on an individual's failure to authenticate pursuant to 8 C.F.R. § 1287.6, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-405 (2d Cir. 2005), we find no abuse of discretion here, where the BIA gave Wu's evidence limited weight because the notice was unsigned and unauthenticated and neither the notice nor the affidavit possessed indicia of reliability, *see Xiao Ji Chen*, 471 F.3d at 342.

Finally, the BIA reasonably found that Wu's claim — that unknown individuals reported his Falun Gong activities to Chinese officials after hearing of his activities from other unidentified individuals with whom Wu had talked in the United States — lacked specificity. *See Abudu*, 485 U.S. at 110 (stating that an alien carries a "heavy burden" of demonstrating that the proffered new evidence would likely alter the result in his case). Accordingly, because Wu failed to successfully establish his *prima facie* eligibility for relief, the BIA did not abuse its discretion in denying his motion to reopen. *Id.* at 104; *Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4